NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-35066 |
| Plaintiff-Appellee, | D.C. No. 3:07-cr-00028-RRB-1 |
| v. | |
| MARK J. AVERY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted May 15, 2025
San Francisco, California

Before: N.R. SMITH and DE ALBA, Circuit Judges, and BENNETT,[**] District Judge.

Defendant-Appellant Mark J. Avery ("Avery") appeals the District of Alaska's denial of his motions to vacate pursuant to 28 U.S.C. § 2255. "We review de novo a district court's denial of relief under 28 U.S.C. § 2255." *United States v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

*Swisher*, 811 F.3d 299, 306 (9th Cir. 2016) (en banc). The factual findings underlying the district court's decision are reviewed for clear error. *United States v. Seng Chen Yong*, 926 F.3d 582, 589 (9th Cir. 2019). We affirm.

1. To show ineffective assistance of appellate counsel, a defendant must prove deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, a defendant "must show a reasonable probability that, but for his counsel's unreasonable failure . . . he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citing *Strickland*, 466 U.S. at 694). However, where (as here) the defendant would have challenged the jury instruction for the first time on direct appeal, we would have reviewed the instruction for plain error. *United States v. Moreland*, 622 F.3d 1147, 1166 (9th Cir. 2010). "Plain error review requires us to find (1) an error that is (2) plain and (3) affects substantial rights." *Id.* (quoting *United States v. Kilbride*, 584 F.3d 1240, 1247 (9th Cir. 2009)). To establish that an error affected substantial rights, a defendant must show a "high probability" that the error affected the outcome of the proceeding. *United States v. Fuchs*, 218 F.3d 957, 962–63 (9th Cir. 2000) (quoting *United States v. Jerome*, 942 F.2d 1328, 1331 (9th Cir. 1991)).

On appeal, Avery raises a *Strickland* claim based on his appellate counsel's failure to challenge the disjunctive instruction as outlined in *Shaw v. United States*,

580 U.S. 63 (2016), which was decided while his case was pending direct appeal.[1]

The government does not dispute appellate counsel's deficient performance. However, Avery has not shown prejudice under *Strickland*, because he cannot show a reasonable probability that the disjunctive jury instruction affected his substantial rights. In *United States v. Saini*, 23 F.4th 1155 (9th Cir. 2022), we held that where intent to deceive and intent to cheat are intertwined—such as in a scheme to obtain money by deception—a defendant cannot show that the jury's verdict would have been different with the conjunctive instruction. *Id.* at 1165. In this case, Avery's purpose in deceiving his co-trustees regarding the details of the proposed investment plan was to cheat the *May Smith Trust* of millions of dollars that he then used for personal expenditures. Similarly, his purpose in omitting the $50 million loan encumbering his business's assets from his personal financial statement to Wells Fargo was to obtain a line of credit. As in *Saini*, Avery has "advanced no theory on which the jury could have found that he had intent to deceive but not cheat" or intent to cheat but not deceive. *Id.* Accordingly, he cannot show a high probability that the outcome of his trial would have differed with the proper instruction. *See Fuchs*,

---

[1] Under *Shaw*, intent to defraud as an element of wire fraud requires intent to deceive *and* cheat. *See id.* at 69. Similarly, under *United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020), intent to defraud as an element of bank fraud requires intent to deceive *and* cheat. *Id.* at 1101. These cases were decided after Avery's trial such that his jury received the now defunct, disjunctive instruction that intent to defraud requires intent to deceive *or* cheat.

218 F.3d at 962.

2. Avery seeks to expand the certificate of appealability to include his *pro se* claim of constructive denial of his Sixth Amendment right to counsel based on a severe breakdown of communications with his defense counsel prior to trial. To obtain a certificate of appealability, the defendant must establish "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 328, 335–37 (2003) (quoting 28 U.S.C. § 2253(c)(2)). We decline to expand the certificate of appealability because Avery has not shown prejudice or facts sufficient to establish a presumption of prejudice as required to raise constructive denial of assistance of counsel under the Sixth Amendment. *See Strickland*, 466 U.S. at 683, 687; *Frazer v. United States*, 18 F.3d 778, 783 (9th Cir. 1994) *overruled on other grounds by Ellis v. Harrison*, 891 F.3d 1160 (9th Cir. 2018) (recognizing presumption of prejudice based on counsel's overt racial animus toward defendant). Specifically, Avery's assertion that his counsel used abusive language toward him shortly before trial is not sufficient to establish a presumption of prejudice.

**AFFIRMED.**